STEVEN L. DERBY, ESQ. (SBN 148372)
CELIA McGUINNESS, ESQ. (SBN 159420)
DERBY, McGUINNESS & GOLDSMITH, LLP
200 Lakeside Drive, Suite A
Oakland, CA 94612
(510) 987-8778 - Telephone
(510) 359-4419 - Facsimile

Attorneys for Plaintiffs TRACY ROUSSEAU
and STAN ROUSSEAU


DOMINIQUE A. POLLARA, ESQ. (SBN 141036)
POLLARA LAW GROUP
3600 American River Drive, Suite 160
Sacramento, California 95864
(916) 550-5880 - Telephone
(916) 550-5066 - Facsimile


Attorneys for Defendants ST. HELENA HOSPITAL
NAPA VALLEY and ADVENTIST HEALTHCARE/WEST

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY ROUSSEAU and STAN ROUSSEAU,<br><br>Plaintiffs,<br><br>vs.<br><br>ST. HELENA HOSPITAL; AND ADVENTIST HEALTHCARE/WEST,<br><br>Defendants. | NO. 4:17-CV-02985 HSG<br><br>**Civil Rights**<br><br>**CONSENT DECREE AND ORDER AS TO INJUNCTIVE RELIEF ONLY**<br><br>**Action Filed: May 24, 2017** |

1.  Plaintiffs Tracy Rousseau and Stan Rousseau filed a Complaint in this action on May 24, 2016, to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, and California Civil Rights Laws and to obtain recovery of damages for discriminatory experiences, denial of access, and denial of civil rights against Defendants St. Helena Hospital and Adventist Healthcare/West (sometimes "Defendants"), relating to disability discrimination at Defendants' public accommodations

as of June 11, 2015, and continuing. Plaintiffs have alleged that Defendants violated the Rehab Act of 1973; Title III of the ADA; sections 51, 54, 54.1, and 54.3 of the California Civil Code sections 19955 *et seq.* of the Health and Safety Code; and California Civil Code sections 11135 *et seq.* by unreasonably excluding her service dog from the facilities at 10 Woodland Road, St. Helena, California (sometimes called "Hospital").

2. Without agreeing to the truth of any of Plaintiffs' allegations as set forth above or in the operative pleading in this matter, which allegations Defendants expressly deny, Plaintiffs and Defendants agree that it is in the Parties' best interests, and Plaintiffs believe it is in the public interest, to fully and finally resolve the injunctive relief portion of this matter on mutually agreeable terms without resort to protracted litigation. Therefore, Plaintiffs and Defendants hereby agree and stipulate to the following Consent Decree as to Injunctive Relief Only ("Consent Decree"), which the Court will retain jurisdiction to enforce for thirty-six (36) months after the date it is signed.

WHEREFORE, the Parties to this Consent Decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provides as follows:

**JURISDICTION AND VENUE**

3. The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. § 12188(b). Venue is appropriate in this District pursuant to 28 U.S.C. § 1391.

4. This Order shall be a full, complete, and final disposition and settlement of Plaintiffs' claims against Defendants for injunctive relief that have arisen out of the subject Complaint.

5. Within forty-five (45) days of signing this Consent Decree Defendants shall establish the service animal policy attached and incorporated as Exhibit A at St. Helena Hospital. Within ninety (90) days of signing this Consent Decree Defendants shall establish the service animal policy attached and incorporated as Exhibit A at all other California facilities. "Establish" means that each facility, as well as the corporate system, shall have adopted the policy.

1      6.     Defendants shall maintain this service animal policy in effect for the duration of this Consent Decree.

      7.     Defendants shall conduct training of relevant personnel in the terms and proper execution of the service animal policy, as well as the rights and responsibilities of service animal users under federal and State law.

      a.     This initial training at St. Helena Hospital shall last not less than one hour.

      b.     Relevant personnel include all patient intake personnel, charge nurses, customer service and information desk personnel, and all risk management personnel, at each of the facilities in the Adventist system California. Defendants will also invite its physicians with staff privileges to receive the training.

      c.     Training at St. Helena Hospital shall take place within 45 days of Defendants signing the Consent Decree. Training shall take place in person.

      d.     Training at each of the other facilities shall take place within 180 days of Defendants signing the Consent Decree. Training may take place in person or by another reliable method such as online.

      e.     Training shall be repeated annually. The annual training may take place by any reliable method.

      f.     All relevant personnel hired after the effective date of this Consent Decree, who are not trained during the initial training in section 7.a., will be trained in the service animal policy and its implementation, within two weeks of being hired. Training may take place by any reliable method.

\\\
\\\
\\\

**ENTIRE CONSENT DECREE AND ORDER**

8. This Consent Decree and Order and **Exhibit A** constitute the entire agreement between the signing parties on the matters of injunctive relief, and no other statement, promise, or agreement, either written or oral, made by any of the Parties or agents of any of the Parties that is not contained in this written Consent Decree and Order, shall be enforceable regarding the matters of injunctive relief described herein.

**ISSUES NOT RESOLVED**

9. The Parties agree and stipulate that the entry of this Consent Decree does not dispose of all the claims over which this Court has original jurisdiction, and that this case should not be dismissed until all issues, including damages available under the Rehab Act of 1973 and pendant State law claims, and attorney fees under all claims, have been resolved.

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO INJUNCTIVE RELIEF ONLY**

10. Each of the Parties to this Consent Decree and Order understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree and Order, any or all of them will incur, suffer, or experience some further loss or damage with respect to the lawsuit that is unknown or unanticipated at the time this Consent Decree and Order is signed. Except for all obligations required in this Consent Decree and Order, the Parties intend that this Consent Decree and Order apply to all such further loss with respect to the lawsuit, except those caused by the Parties subsequent to the execution of this Consent Decree and Order, this Consent Decree and Order shall apply to and cover any and all claims, demands, actions, and causes of action by the Parties to this Consent Decree with respect to the lawsuit, whether the same are known, unknown, or hereafter discovered or ascertained, and for provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

\ \ \

\ \ \

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.**

11. Except for all obligations required in this Consent Decree and Order - [and exclusive of Plaintiffs' continuing claims for damages, statutory attorneys' fees, litigation expenses, and costs] - each of the Parties to this Consent Decree and Order, on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners, and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind of nature, presently known or unknown, arising out of or in any way connected with the lawsuit.

12. This Consent Decree constitutes the entire Consent Decree between the Parties. No other statement, promise, or Consent Decree, either written or oral, made by any Party or agents of any Party, that is not contained in or contradicts this written Consent Decree shall be enforceable.

13. If any provision of this Consent Decree is held by a court of competent jurisdiction to be void, voidable, unlawful or unenforceable for any reason, in whole or in party, the remaining portions of this Consent Decree will nevertheless continue with full force and effect, and the Parties agree a court of competent jurisdiction will have jurisdiction to reform each provision(s) to the extent necessary to cause it to give maximum legal effect to the intention of the Parties as expressed herein and the Parties agree to be bound by such reformation.

14. The Parties acknowledge that their respective attorneys have reviewed and drafted this Consent Decree, and the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting Party shall not be employed in the interpretation of this Consent Decree.

15. This Consent Decree may be executed in counterparts, including electronic signatures and electronic copies such as PDFs, which, when counterparts have been executed by all of the Parties, shall constitute this Consent Decree.

16. The individuals signing this Consent Decree represent that they are authorized to bind their respective Party to this Consent Decree.

Dated: _____, 2018         PLAINTIFF TRACY ROUSSEAU

By: _____
    TRACY ROUSSEAU

Dated: _____, 2018         PLAINTIFF STAN ROUSSEAU

By: _____
    STAN ROUSSEAU

Dated: _____, 2018         ST. HELENA HOSPITAL NAPA VALLEY

By: _____
Print Name: _____
Title: _____

Dated: _____, 2018         ADVENTIST HEALTHCARE/WEST

By: _____
Print Name: _____
Title: _____

Approved as to form:

Dated: _____, 2018         DERBY, McGUINNESS & GOLDSMITH, LLP

By: _____
    CELIA McGUINNESS, ESQ.
Attorneys for Plaintiffs TRACY ROUSSEAU and STAN ROUSSEAU

Dated: _____, 2018         POLLARA LAW GROUP

By: _____
    DOMINIQUE A. POLLARA, ESQ.
Attorneys for Defendants ST. HELENA HOSPITAL NAPA and ADVENTIST HEALTHCARE/WEST

**ORDER**

Pursuant to stipulation and for good cause shown, IT IS SO ORDERED.

Dated: March 13, 2018

*[signature: Haywood S. Gilliam Jr.]*
HONORABLE HAYWOOD S. GILLIAM, JR.
UNITED STATES DISTRICT COURT JUDGE